■ MICHAEL MORAN, Plaintiff, v. ABERCROMBIE & FITCH COMPANY, Defendant and Third-Party Plaintiff-Respondent. HENRY PHIPPS ESTATES, INC., et al., Third-Party Defendants, and ALLIED MAINTENANCE CORPORATION, Third-Party Defendant-Appellant.— Order entered on October 2, 1962, denying motion to dismiss third-party complaint unanimously affirmed, with $20 costs and disbursements to respondent, but without prejudice to a later motion for summary judgment. Third-party defendant moved to dismiss defendant's third-party complaint on the ground that the negligence alleged by plaintiff was active. Were this so, the motion was well advised (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y

2d 447). However, the complaint is drawn with disarming naivete which would allow recovery on other grounds, and a recovery under it might be had on a showing of active negligence by the third-party defendant to which defendant was only a passive contributor. Unless and until the plaintiff's complaint is denuded of these claims, or until the issues have been finalized by examinations before trial or other pretrial procedures, this possibility will remain to prevent an adjudication on the third-party complaint in advance of trial. Should this crystallization be realized, third-party defendant would then be in a position to obtain relief, if the facts so warrant, by way of summary judgment (*Braun* v. *City of New York*, 17 A D 2d 264). Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.